UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DALEY,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MITT ROMNEY, Governor of the Commonwealth of Massachusetts, KERRY HEALEY, the Lieutenant Governor of the Commonwealth of Massachusetts, the UNITED STATES OF AMERICA, U.S. SECURITY ASSOCIATES, INC., and AMERICAN EXPRESS,<br><br>　　　　　Defendants. | C.A. No. 06-CV-11984-GAO |

**STATE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS**

　　　　In accordance with Fed. R. Civ. P. 12(b)(1) and 12(h)(1), the state defendants, Massachusetts Governor Mitt Romney and Massachusetts Lieutenant Governor Kerry Healey, move to dismiss the Complaint of *pro se* plaintiff Paul Daley ("Daley"). Although naming the Governor and Lieutenant Governor in the caption of his Complaint, the allegations in Daley's Complaint appear to flow from a decision of the Massachusetts Superior Court affirming the denial of Daley's request for a Personal Care Attendant ("PCA") by the Executive Office of Health and Human Services, Office of Medicaid ("MassHealth"). As an initial matter, any claims for damages or relief other than prospective injunctive relief against the Commonwealth of Massachusetts or its officials are barred by the Eleventh Amendment. In addition, because

Daley is apparently seeking an order from this Court overturning the decision of a state court, it is barred by the doctrine of Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). If Daley perfects an appeal of the Superior Court judgment, the Younger and Colorado River abstention doctrines also militate in favor of dismissal. For these reasons, the Complaint should be dismissed with prejudice.

## RELEVANT FACTS

Daley sets forth his allegations in four separate single-spaced documents without numbered pages or paragraphs: a "Formal Complaint" (2 pages); "Final Appendage" (8 pages); "Representation" (7 pages); and "Notice of Appeal re Plymouth Superior Court" (3 pages).[1] Daley suffers from a condition called Retinitis Pigmentosa that causes blindness. See "Final Appendage" at p. 1. Daley previously filed a civil action in state court against MassHealth, entitled Paul Daley v. Office of Medicaid and Massachusetts Commission for the Blind (Plymouth Superior Court Civil Action No. 2005-00704-A), seeking judicial review of MassHealth's decision to deny Daley's request for a PCA on the grounds that the PCA was not medically necessary nor within the scope of the PCA program. See Defendant Office of Medicaid's Opposition to Plaintiff's Motion for Judgment on the Pleadings at p. 1 (attached hereto as Exhibit A).[2] On August 25, 2006, the Superior Court (Giles, J.) affirmed MassHealth's

---

[1] This memorandum will refer generally to these documents as the "Complaint."

[2] This Court may consider material outside the Complaint in addressing the state defendants' motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), without converting this motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 734 & n. 4 (1947); Arturet-Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st

decision. See Memorandum of Decision and Order Upon Plaintiff's Motion for Judgment on the Pleadings (attached hereto as Exhibit B). The Superior Court docket does not reflect that a Notice of Appeal was timely filed in the Superior Court, and the case has not been docketed in the Massachusetts Appeals Court. See Superior Court docket (attached hereto as Exhibit C).[3]

In his Complaint, Daley claims that state and federal government agencies and officials committed various constitutional and common law torts and crimes against him. See, e.g., "Formal Complaint" at p. 1 & "Representation" at p. 2. Although it is not clear what claims apply to each defendant, Daley refers to the Superior Court action throughout his Complaint. See "Formal Complaint" at p. 1 (including claim of perjury to a Superior Court judge); "Final Appendage" at pp. 1 and 8 (referring to "PLCV 2005-00704-A"). The equitable relief sought by Daley is aimed at re-evaluation of his medical condition that led to MassHealth's denial of a PCA. See "Formal Complaint" at p. 1 (requesting "full" examination of medical conditions); "Representation" at p. 6 (petitioning court for an order for the Commonwealth to perform medical testing). Daley also seeks "reparations" for harm allegedly caused to him. See "Formal Complaint" at p. 2.

## ARGUMENT

### I. The Eleventh Amendment Bars Any Action for Damages Against the State Defendants.

The Eleventh Amendment to the United States Constitution forbids the bringing of a

---

Cir. 2005).

[3] Daley did serve a "Notice of Appeal" on counsel for MassHealth. However, the time has passed (60 days from entry of judgment) for filing a notice of appeal in the Superior Court in a case involving the Commonwealth. See Mass. R. App. P. 4(a).

federal court action by a private party against a state.[4] The "significance of this Amendment 'lies in its affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III' of the Constitution." <u>Atascadero State Hospital v. Scanlon</u>, 473 U.S. 234, 238 (1985) quoting <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 98 (1984).  The Supreme Court has held that "a suit in which the State <u>or one of its agencies or departments</u> is named as the defendant is proscribed by the Eleventh Amendment." <u>Pennhurst State School</u>, 465 U.S. at 100.  Similarly, "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" <u>Id.</u> at 101, quoting <u>Ford Motor Co. v. Dep't of Treasury of Indiana</u>, 323 U.S. 459, 464 (1945).  Only when a plaintiff is seeking prospective injunctive relief designed to end a continuing violation of federal law may a suit proceed against a state official in his or her official capacity.  <u>Ex parte Young</u>, 209 U.S. 123 (1908); <u>Whalen v. Massachusetts Trial Court</u>, 397 F.3d 19, 28-29 (1st Cir. 2005).  Thus, any claim for damages, "reparations" or any other relief other than prospective injunctive relief against the Commonwealth of Massachusetts and its officials should be dismissed.

## II.     The Rooker-Feldman Doctrine Prevents This Court From Sitting in Review of the Superior Court Judgment.

This Court should also dismiss the Complaint with prejudice because it lacks jurisdiction to sit in review of state-court orders.  Under the <u>Rooker-Feldman</u> doctrine, "lower federal courts

---

[4] The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Supreme Court has long held that the Amendment applies not only to suits by citizens of other states, but to suits between a state and one of its own citizens.  <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890).

possess no power whatever to sit in direct review of state court decisions." <u>Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs</u>, 398 U.S. 281, 296 (1970); <u>see</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923).  This Court may not entertain "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983).  As recently summarized by the First Circuit:

> [I]f federal litigation is initiated <u>after</u> state proceedings have ended, and the plaintiff implicitly or explicitly 'seek[s] review and rejection of [the state] judgment' . . . then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and, under <u>Rooker-Feldman</u>, the federal courts lack jurisdiction.

<u>Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico</u>, 410 F.3d 17, 24 (2005) (emphasis in original), quoting <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 291 (2005); <u>see</u> <u>also</u> <u>Hill v. Town of Conway</u>, 193 F.3d 33, 41 (1st Cir. 1999) ("federal courts do not have jurisdiction pursuant to § 1983 to review the judgments and decisions of state courts").  Daley's time to file a notice of appeal in state court apparently has expired.  <u>See</u> *supra*, n. 3.  Accordingly, this Court lacks jurisdiction over Daley's claims.  Stripped of their trappings, Daley's claims of civil rights violations by the state (as well as federal) government reduce to his disagreement with the Superior Court's decision regarding his MassHealth benefits.  Daley may not confer jurisdiction on this Court to review the Massachusetts decision "simply by casting his complaint in the form of a civil rights action." <u>Ritter v. Ross</u>, 992 F.2d 750, 754 (7th Cir. 1993) (citation omitted), <u>cert.</u> <u>denied</u>, 510 U.S. 1046 (1994).  Because this Court may not review state-court decisions, it should dismiss the

Complaint for lack of subject-matter jurisdiction.

### III. This Court Should Dismiss the Complaint Because the Younger Abstention Doctrine Prevents this Court from Exercising Jurisdiction.

To the extend Daley's lawsuit in the state courts is on-going, the doctrine of abstention articulated in Younger v. Harris, 401 U.S. 37 (1971), and its progeny is another basis under which this Court should dismiss the Complaint. The Younger abstention doctrine is grounded on notions of comity: the idea that the state courts should not, in certain circumstances be interfered with. See Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56, 68-69 (1st Cir. 2005). Although the Younger doctrine was originally framed in the context of a state criminal prosecution, it has been extended to protect civil proceedings where the fundamental interests of the state's judicial system (like its contempt process or its method of enforcing judgments) are put at risk by the relief asked of the federal court.[5] See id. at 69-70; Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F. 2d 252, 262 (1st Cir. 1993). It does not matter that federal claims are asserted because a federal court must presume that state courts are fully competent to adjudicate federal constitutional claims. See Bettencourt v. Board of Registration in Medicine, 904 F.2d 772, 776 (1st Cir. 1990).

Where all of the elements for Younger abstention are met, the district court must abstain from reaching the merits of the case and dismiss the federal action. South Boston Allied War

---

[5] Because Daley requests orders that would not only conflict with the Superior Court judgment but would also broadly call for the suspension and investigation of any judicial and/or executive action against him, see "Formal Complaint" at p. 1, this case falls under the second category of civil proceedings described in Rio Grande Community Health Center, Inc., 397 F.3d at 69, because the relief requested implicates the "fundamental workings of a state's judicial system."

Veterans Council v. Zobel, 830 F. Supp. 643, 648-649 (D. Mass. 1993) (citing Gibson v. Berryhill, 411 U.S. 564, 577 (1973)).  Younger abstention is required when: (1) there are ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the state proceedings afford an adequate opportunity to raise federal constitutional challenges; and (4) the plaintiff in the federal case has not demonstrated bad faith, harassment, or any other unusual circumstances that would call for equitable relief.  See id. at 649; see also Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638-639 (1st Cir. 1996).   Here, the requirements of Younger abstention are met.  If Daley succeeds in docketing his appeal in the Appeals Court, those on-going proceedings will involve important issues of how MassHealth administers its PCA program.  The Massachusetts Appeals Court is equipped to entertain his constitutional claims, and Daley will have full and fair opportunity to present those claims as part of his appeal.  Daley has not articulated any circumstance that would warrant an exception to the Younger doctrine in this case because of some unfairness in the on-going state proceeding.  See Complaint generally.[6]  As such, this Court should abstain from addressing the merits of Daley's Complaint and dismiss it.

**IV.     This Court Should Also Abstain from Addressing the Mr. Daley's Claims Under the Doctrine of Colorado River Abstention.**

Likewise, if Daley is still pursuing relief in the state courts, the abstention doctrine articulated in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), also militates against this Court assuming jurisdiction over his claims.  In Colorado River, the

---

[6]This exception is to be construed narrowly given the principles of comity the doctrine is designed to protect.  See Bettencourt, 904 F.2d at 779.

Supreme Court held that federal courts may abstain from exercising jurisdiction in exceptional circumstances where there are parallel, duplicative state proceedings. Id. at 818-20. The Court reasoned that entertaining a federal lawsuit essentially identical to the state lawsuit would waste judicial time and resources. Id. at 817. The First Circuit has established six factors to determine whether dismissal is appropriate under the doctrine of Colorado River: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and, (6) whether the state forum will adequately protect the interests of the parties. Currie v. Group Ins. Comm'n, 290 F.3d 1, 9 (1st Cir. 2002). In applying these factors, no one factor is outcome determinative and courts must make a carefully considered judgment taking into account all of these factors and the federal court's obligation to exercise jurisdiction. See Rio Grande Community Health Center, Inc., 397 F.3d at 72.

Consideration of these factors compels the conclusion that this Court should decline to exercise jurisdiction over this matter. Because the state proceedings were instituted first and an appeal may proceed in the Massachusetts state courts, three of the factors--desirability of avoiding piecemeal litigation, the order in which forums acquired jurisdiction, and whether the state forum will adequately protect the interest of the parties--clearly weigh in favor of abstention. The First Circuit has also found that when a federal action is filed as a reaction to an adverse state court judgment, Colorado River abstention is appropriate. See Cruz v. Melecio, 204 F.3d 14, 23-24 (1st Cir. 2000) ("As a practical matter, the appellants filed the present suit in

an effort to detour around an unfavorable judgment of the commonwealth trial court, and this attempted end run is highly relevant to the calculus of abstention."). The timing of this action--two months after his receipt of the adverse decision by the Superior Court--strongly suggests that Daley is reacting to that decision. Indeed, the "Representation" document is dated September 3, 2006, approximately one week after the issuance of the Superior Court decision. Therefore, application of the Colorado River factors should encourage this Court to abstain from considering these claims arising out of Daley's dissatisfaction with his denial of a PCA. The Court should decline to exercise jurisdiction over this matter.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(1) with prejudice.

Respectfully submitted,

MITT ROMNEY, Governor of the Commonwealth of Massachusetts, and KERRY HEALEY, Lieutenant Governor of the Commonwealth of Massachusetts,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

 /s/ Neil P. Olson
Neil P. Olson (BBO No. 651222)
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108-1698
(617) 727-2200, ext. 2046
facsimile (617) 727-5785

Dated:  November 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF)," and paper copies will be sent to those indicated as non-registered participants on November 22, 2006.

 /s/ Neil P. Olson
Neil P. Olson, Assistant Attorney General